# UNITED STATES DISTRICT COURT
# CALIFORNIA, CENTRAL DISTRICT

No CV-30

Fee Due

N/S

Russell Floyd Lindquist

*Plaintiff,*

vs.

Purdue Global Law School (PGLS) (formerly Concord Law School (CLS);

Purdue University Global (PUG);

Larasz Moody-Villarose, individually and officially as PGLS Dean;

Martin Pritikin, officially as PGLS Dean;

Melissa Prichard, officially as PGLS Student Relations Administrator;

Carolyn Nordstrom, officially as PUG Chief Administrative Officer.

*Defendants.*

Case No. _____  2:24-cv-07735-MRA-(DTB)

JURY TRIAL DEMANDED

**COMPLAINT**

| **FILED** |
|:---:|
| **CLERK, U.S. DISTRICT COURT** |
| 09/05/24 |
| **CENTRAL DISTRICT OF CALIFORNIA** |
| **BY:** _____ASH_____ **DEPUTY** |

Lindquist v. Purdue Global Law School

# **Contents**

Authorities.................................................................................i

Complaint.................................................................................ii

Parties ....................................................................................ii

Jurisdiction and Venue ..............................................................1

Statement of the Claim..............................................................2

Request for Relief.....................................................................6

Lindquist v. Purdue Global Law School, i

# <u>Authorities</u>

CASES

<u>Bonner v. Lewis</u>, 857 F.2d 559, 566 (9th Cir. 1988) .................................................. 1, 3

<u>United States v. Town of Colorado City</u>, No. 17-16472 (9th Cir. 2019) ................... 1, 3

STATUTES

28 U.S.C. § 1331 ..................................................................................................... 1

Lindquist v. Purdue Global Law School, ii

# Complaint

## Parties

## 1. Plaintiff

### a. Russell Lindquist

19695 Embers Ave.
Dakota, Farmington
MN, 55024
949-880-6136

## 2. Defendants

### a. Purdue Global Law School (formerly Concord Law School)

2029 Century Park E Suite 400.
Los Angeles County, Los Angeles
CA 90067
866-318-2715

### b. Larasz Moody-Villarose

Same contact information as (a.) above.

### c. Martin Pritikin

Same contact information as (a.) above.

### d. Melissa Prichard

Same contact information as (a.) above.

### e. Purdue University Global

2550 Northwestern Avenue, Suite 1100.
West Lafayette, IN 47906

### f. Carolyn Nordstrom

Same contact information as (e.) above.

Lindquist v. Purdue Global Law School, 1

## Jurisdiction and Venue

This court has jurisdiction because issues in this case arise under (a) the 4, 5, and 14 amendments to the United States Constitution, and (b) Title 42 of the United States Code, sections 1983 and 1985. <u>Cf</u>. 28 U.S.C. § 1331. Venue is proper because the defendants conduct business in Los Angeles County.

Jurisdiction for parties included herein in their respective official capacities arises under *respondeat superior* because the officials failed to remedy the civil rights violations after notice. "[T]he general rule regarding actions under civil rights statutes is that respondeat superior applies." <u>United States v. Town of Colorado City</u>, No. 17-16472 (9th Cir. 2019) (quoting <u>Bonner v. Lewis</u>, 857 F.2d 559, 566 (9th Cir. 1988)).

Lindquist v. Purdue Global Law School, 2

## Statement of the Claim

1.    *Title VI Violations*. Title VI governs, *inter alia*, schools that receive federal funding and prohibits discrimination based on race, ethinicity, sex, and more. From 2019 to May 2020, Plaintiff Lindquist was a law student at Purdue Global Law School (PGLS) (then Concord Law School), a school that receives federal funding. During the first week of May, 2020, Defendant Moody-Villarose, as Dean of of PGLS, gave a Code of Conduct Warning ("the warning") to Lindquist, based on statements by Lindquist as part of Lindquist's research and analysis as a law student at PGLS. The warning contained several unprofessional references to race and sex. Further, the warning characterized, as racist and sexist, various assignment submissions by Lindquist that were received by Lindquist's instructor in Criminal law: Shandrea Williams, a black woman. Williams never warned Lindquist about the content or tone of any of Lindquist's assignment submissions. Rather, Williams frequently singled out Lindquist's submissions for praise. Indeed, Williams had praised more than one of the very submissions that Moody-Villarose groundlessly characterized as racist and sexist. Moreover, Moody-Villarose's warning, in addiation to being entirely groundless, was full of misspellings, grammatical errors, and hysterical language. Because Moody-Villarose's warning had been so poorly and unprofessionally written, Lindquist contacted Moody-Villarose's office by email and asked whether

Lindquist v. Purdue Global Law School, 3

someone else had written the warning on Moody-Villarose's behalf. In an

email response, Moody-Villarose indicated to Lindquist that Moody-Villarose

had written the warning and indicated Lindquist's race, ethnicity, and sex as

the bases for the warning. Lindquist immediately filed a complaint with

PGLS Student Relations, describing the racism and sexism. The next

business day, Moody-Villarose dismissed Lindquist from PGLS: unilaterally,

despite that PGLS's Student Bill of Rights promises adjudication by a neutral

panel before dismissal. Thus, this claim arises under Title VI for

discrimination based actual or perceived race, ethinicity, and sex.

**2.**     *Respondeat Superior*. "[T]he general rule regarding actions under civil

rights statutes is that respondeat superior applies." <u>United States v. Town of

Colorado City</u>, No. 17-16472 (9th Cir. 2019) (quoting <u>Bonner v. Lewis</u>, 857

F.2d 559, 566 (9th Cir. 1988)). On June 9, 2020, Defendant Prichard, as

PGLS Student Relations administrator, formally responded to Lindquist's

complaint about the warning. In that response Prichard, (a) upheld

Defendant Moody-Villarose dismissal of Lindquist, (b) scolded Lindquist for

"not acknowledg[ing] or accept[ing] any responsibility, (c) referred to

Lindquist's complaint against Moody-Villarose as "defamatory statements

about a University administrator," and (d) stated "We wish you all the best in

your future academic endeavors." Thus, this claim arises under *respondeat

superior* due to Prichard's failure, in her officially capacity, to reasonably

remedy the Moody-Villarose's Title-six violation. This respondeat-superior

Lindquist v. Purdue Global Law School, 4

claim arises for the same reason against Defendants Martin Pritikin and Carolyn Nordstrom, in their official capacities as PGLS administrators, and against their principal agencies too - because they all also failed to reasonably remedy Moody-Villarose's Title-six violation after receiving notice from Lindquist. Nor did any of the PGLS administrators remedy the fact that Moody-Villarose's dismissal of Lindquist arose against the due process of PGLS policy, which promises, in the PGLS Studenet Bill of Rights, that a student will receive a hearing before a neutral panel before dismissal.

**3.**      *Future Academic Endeavors (Defamation).* Later in 2020, Lindquist applied online to Trinity Law School (TLS), located at 2200 North Grand Ave, Santa Ana, CA 92705. TLS administrators indicated that, pending a law school report from the Law School Admission Council (LSAC), Lindquist would be accepted to TLS – and receive a full scholarship and stipend based on Lindquist's LSAT score and Lindquist's relevants Master's degrees. However, when the LSAC report arrived to TLS: it indicated that Lindquist had been dismissed from PGLS for poor behavior. Thus, a claim of defamation arises, where PGLS falsely reported to LSAC that Lindquist had simply been dismissed for poor behavior. The false report was also malicious because it arose despite that the various PGLS administrators, defendants herein, had receive various notices, from Lindquist, that would reasonably warrant otherwise: (a) notice of Moody-Villarose's Title-six violation, (b) notice of Lindquist's immediate complaint against the Title-six violation, (c) notice of Moody-Villarose unilaterally dismissing Lindquist from PGLS, the

Lindquist v. Purdue Global Law School, 5

next business day after Lindquist's complaint about Moody-Villarose's Title-six violation, and (d) notice that the dimissal from PGLS happened without the due process of a neutral hearing. Lindquist contacted all the defendants again, after TLS rescinded its tentative offer because of PGLS's mischaracterization to LSAC. Lindquist has received no response from any PGLS agent.

Lindquist v. Purdue Global Law School, 6

## **Request for Relief**

Based on the preceding, the plaintiff requests the following relief:

1. For the Title-six violation, including under *respondeat superior* for all the failure to act: $1,000,000.
2. For the tuition and expenses paid by Lindquist to attend PGLS: $20,500.
3. For the lost TLS scholarship and stipend, lost based on PGLS defamation against Lindquist to LSAC: $100,000.

Alternatively or additionally, the plaintiff requests whatever relief the court would deem appropriate.

June 16, 2024

/s/ R. Floyd Lindquist
*Plaintiff, pro-se*
19695 Embers Ave.
Farmington, MN, 55024
949-880-6136
russ.lindquist@yahoo.com